UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SOLAR & ENVIRONMENTAL TECHNOLOGIES CORPORATION, | : : : | |
| | : | NO. 3:09cv1120(MRK) |
| Plaintiff, | : : | |
| v. | : : | |
| STANLEY ZELINGER, WILLIAM DAMPIER, SAMUEL LAZZARA, and TED K. KOBAYASHI | : : : : | |
| Defendants. | : | |

**RULING AND ORDER**

Approximately five months ago, Plaintiff Solar & Environmental Technologies Corporation ("SETC") filed a Complaint in this Court for a preliminary injunction in aid of arbitration against Defendants Stanley Zelinger, William Dampier, Samuel Lazzara, and Ted Kobayashi (collectively, "the Defendants"). *See* Compl. [doc. # 1]; Pl.'s Mem. in Supp. of Mot. for Prelim. Inj. [doc. # 4]. Following briefing and limited discovery, the Court held a two-day evidentiary hearing to consider the merits of Plaintiff's request, as well as a motion to dismiss from the Defendants. *See* Defs.' Mot. to Dismiss [doc. # 35]; Tr. of Prelim. Inj. Hr'g [docs. # 58, 63]. Following the hearing and additional briefing, the Court, on October 16, 2009, issued an order with three main holdings. *See* Order [doc. # 70]. First, the Court found that SETC had failed to demonstrate that an arbitration agreement existed between the parties. *See id.* at 9-20. Second, the Court rejected SETC's alternative argument – that it could compel Defendants to arbitrate based on the doctrine of equitable estoppel – because the facts in this case were not distinguishable from the Second Circuit's holding in *Sokol Holdings, Inc. v. BMB Munai, Inc.*,

1

542 F.3d 354, 359 (2d Cir. 2008). *See* Order [doc. # 70] at 20-24. Finally, the Court held that even if SETC had carried its burden to demonstrate either the existence of an arbitration agreement or that equitable estoppel prevented the Defendants from avoiding arbitration, it would still not be entitled to the relief sought because it had not shown "the single most important prerequisite for the issuance of a preliminary injunction" – that, but for an injunction, it was at risk of suffering irreparable harm. Order [doc. # 70] at 25 (quoting *Faiveley Transport Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 116 (2d Cir. 2009)).

Now pending before the Court is SETC's Motion for Reconsideration and/or Articulation [doc. # 72] (hereinafter, "Pl.'s Mot.").[1] In its motion, SETC essentially requests the Court to vacate the third holding previously mentioned – that SETC had failed to carry its burden to show that it would suffer irreparable harm without the requested injunction – as either "unnecessary, *dicta*, or insufficiently founded." Pl.'s Mot. [doc. # 72] at 1.

The Court grants SETC's Motion for Reconsideration and, upon reconsideration, adheres to its prior ruling of October 16, 2009 in all respects. *See* Order [doc. # 70]. SETC's motion explains that it is concerned about the potential preclusive effect of the Court's ruling. *See* Mem. in Supp. of Pl.'s Mot. [doc. # 73] at 5. The Court expresses no opinion on that issue, and merely notes that its determination was based on the limited record in front of it and in the context of the preliminary injunction hearing. In order to assist the Court of Appeals, the Court felt it important to address the issue of irreparable harm as an independent basis for denying SETC's request for a preliminary injunction.

---

[1] Neither the Local Rules nor the *Federal Rules of Civil Procedure* provide for motions for articulation. *See Acas v. Conn. Dept. of Correction*, No. 06CV1855, 2008 WL 4999273, at *1 (D. Conn. Nov. 19, 2008); *Chambers v. Principi*, No. 00CV656, 2004 WL 722249, at *2 (D. Conn. Mar. 24, 2004). But even if they did, the Court is satisfied that its previous opinion sufficiently explained its decision. *See Carter v. Dereenzda*, No. 04CV1691, 2005 WL 2807052, at *2 (D. Conn. Oct. 25, 2005). Accordingly, the Court has construed Plaintiff's motion as only a motion for reconsideration under Local Rule 7(c) and Rule 60 of the *Federal Rules of Civil Procedure*.

In summary, the Court GRANTS the Plaintiff's Motion for Reconsideration [doc. # 72], and, upon reconsideration, adheres to its prior ruling in all respects.  *See* Order [doc. # 70].

IT IS SO ORDERED.

/s/      Mark R. Kravitz      
United States District Judge

Dated at New Haven, Connecticut: **December 9, 2009.**